SEYFARTH SHAW LLP
Andrew R. Escobar, OSB No. 106671
aescobar@seyfarth.com
999 Third Avenue, Suite 4700
Seattle, WA 98104
Phone: (206) 946-4910
Fax: (206) 946-4901

SEYFARTH SHAW LLP
Kristine R. Argentine (*pro hac vice forthcoming*)
cargentine@seyfarth.com
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
Phone: (312) 460-5000
Fax: (312) 460-7000

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>AMP FIT, INC. ,<br><br>              Defendant. | Case No. 3:25-CV-01741-SI<br><br>Hon. Michael H. Simon |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Amp Fit, Inc. ("Defendant"), by and through its attorneys, hereby submits its

Answer and Affirmative Defenses to Plaintiff Chet Michael Wilson's ("Plaintiff") Class Action

Complaint ("Complaint") as follows:

## COMPLAINT ¶1:

Chet Michael Wilson ("Plaintiff") brings this class action against Amp Fit, Inc.
("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

1

**ANSWER:**

Defendant admits that Plaintiff's Complaint alleges violations of the TCPA. Defendant denies that this case is appropriate for class treatment.

**COMPLAINT ¶2:**

Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**ANSWER:**

Defendant denies the allegations in Paragraph 2.

## PARTIES

**COMPLAINT ¶3:**

Plaintiff is a natural person.

**ANSWER:**

Defendant admits the allegations in Paragraph 3.

**COMPLAINT ¶4:**

Defendant is a corporation that resides in this District.

**ANSWER:**

Defendant denies the allegations in Paragraph 4.

## JURISDICTION AND VENUE

**COMPLAINT ¶5:**

This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

DEFENDANT ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

**ANSWER:**

Paragraph 5 calls for legal conclusions, to which no answer is required. To the extent a response is required, Defendant admits only that Plaintiff's Complaint alleges violations of the TCPA, 47 U.S.C. § 227, which is a federal statute.

**COMPLAINT ¶6:**

This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant resides in this District.

**ANSWER:**

Paragraph 6 calls for legal conclusions, to which no answer is required. To the extent a response is required, Defendant states that Plaintiff's action was originally filed in the Northern District of California prior to transfer to the District of Oregon. Defendant denies that it resides in either district and the remaining allegations of Paragraph 6.

## INTRODUCTION

**COMPLAINT ¶7:**

"Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

**ANSWER:**

Paragraph 7 purports to state a legal conclusion to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore, denies the same.

**COMPLAINT ¶8:**

"The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:**

Paragraph 8 purports to state a legal conclusion to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore, denies the same.

## PLAINTIFF'S ALLEGATIONS

**COMPLAINT ¶9:**

Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(541) XXX-9999.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

**COMPLAINT ¶10:**

Plaintiff had registered his number on the National Do Not Call Registry for at least 30 days prior to receiving the calls at issue.

**ANSWER:**

Defendant denies that it placed any calls to Plaintiff or the telephone number (541) XXX-9999.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

**COMPLAINT ¶11:**

Defendant placed calls to telephone number (541) XXX-9999 intending to reach someone other than Plaintiff.

**ANSWER:**

Defendant denies that it placed any calls to Plaintiff or the telephone number (541) XXX-9999. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

**COMPLAINT ¶12:**

Defendant delivered, or caused to be delivered, text messages to telephone number (541) XXX-9999 in 2024, including on October 17, 2024 and October 31, 2024.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12. Defendant denies that it sends unsolicited text messages.

**COMPLAINT ¶13:**

Some of the text entries are below:



**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 13. Defendant denies that it sends unsolicited text messages.

**COMPLAINT ¶14:**

Defendant delivered, or caused to be delivered the subject text messages to telephone number (541) XXX-9999 thirty-one or more days after Plaintiff registered telephone number (541) XXX-9999 with the DNC Registry.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 14.

**COMPLAINT ¶15:**

 The subject text messages were intended for someone other than, and unknown to, Plaintiff.

**ANSWER:**

 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

**COMPLAINT ¶16:**

 The purpose of the subject text messages was to advertise and market Defendant's business or services.

**ANSWER:**

 Paragraph 16 purports to state a legal conclusion to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore, denies the same.

**COMPLAINT ¶17:**

 Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number (541) XXX-9999.

**ANSWER:**

 Paragraph 17 purports to state a legal conclusion to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore, denies the same.

**COMPLAINT ¶18:**

 Plaintiff did not request information or promotional materials from Defendant.

**ANSWER:**

 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

**COMPLAINT ¶19:**

Plaintiff suffered actual harm as a result of the subject text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

**ANSWER:**

Defendant denies the allegations in Paragraph 19. Defendant denies liability under the

TCPA and denies that Plaintiff is entitled to any damages.

**COMPLAINT ¶20:**

Upon information and good faith belief, Defendant knew, or should have known, that telephone number (541) XXX-9999 was registered with the DNC Registry.

**ANSWER:**

Defendant denies the allegations in Paragraph 20 as to what is knew or should have known.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 20, and therefore, denies the same.

## CLASS ALLEGATIONS

**COMPLAINT ¶21:**

Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:**

Defendant incorporates by reference its responses to the allegations contained in

Paragraphs 1 through 20, as if set forth fully herein.

**COMPLAINT ¶22:**

Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Amp Fit's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**ANSWER:**

Defendant admits that Plaintiff attempts to bring this class action pursuant to F. R. Civ. P. 23, on behalf of himself and all others similarly situated. Defendant denies that class treatment is appropriate.

**COMPLAINT ¶23:**

Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

**ANSWER:**

Defendant admits that the categories of individuals listed in Paragraph 23 should be excluded from any class, but denies that class treatment is appropriate.

**COMPLAINT ¶24:**

**Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

**ANSWER:**

Defendant denies the allegations in Paragraph 24 and denies that class treatment is appropriate.

**COMPLAINT ¶25:**

**Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

**ANSWER:**

Defendant denies the allegations in Paragraph 25 and denies that class treatment is appropriate.

**COMPLAINT ¶26:**

 **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

**ANSWER:**

 Defendant denies Plaintiff would be an adequate representative for the proposed putative

class and denies that class treatment is appropriate. Defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26.

**COMPLAINT ¶27:**

 **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

 a. whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

 b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

 c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:**

 Defendant denies the allegations in Paragraph 27, including those set forth in subsections

a, b, and c of this paragraph. Defendant further denies that class treatment is appropriate.

**COMPLAINT ¶28:**

 **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

**ANSWER:**

Defendant denies the allegations in Paragraph 28.

**COMPLAINT ¶29:**

In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.    Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d.    Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER:**

Defendant denies the allegations in Paragraph 29, including those set forth in subsections a, b, c, and d of this paragraph. Defendant further denies that class treatment is appropriate.

## COUNT I

**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

**COMPLAINT ¶30:**

Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:**

Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 29, as if set forth fully herein.

**COMPLAINT ¶31:**

It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

**ANSWER:**

Paragraph 31 calls for a legal conclusion to which no response is required.

**COMPLAINT ¶32:**

Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

**ANSWER:**

Defendant denies the allegations in Paragraph 32.

**COMPLAINT ¶33:**

These violations were willful or knowing.

**ANSWER:**

Defendant denies the allegations in Paragraph 33.

**COMPLAINT ¶34:**

As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER:**

Defendant denies the allegations in Paragraph 34. Defendant denies that Plaintiff or any member of the putative class are entitled to damages of any kind.

**COMPLAINT ¶35:**

Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:**

Defendant denies the allegations in Paragraph 35. Defendant denies that Plaintiff or any member of the putative class are entitled to damages of any kind.

## PRAYER FOR RELIEF

Defendant denies the allegations in Plaintiff's prayer for relief and expressly denies that Plaintiff or the putative class is entitled to any relief whatsoever, including but not limited to statutory damages, injunctive relief, and/or class certification. All allegations of the Complaint not previously admitted or denied are here and now denied as though specifically denied herein.

## AFFIRMATIVE DEFENSES

Defendant denies any and all liability on the claims of Plaintiff and the putative class. Subject to, and without waiver of the denials contained in its answers above and without assuming any burden of production or proof that it would not otherwise have, Defendant raises the following affirmative defenses to the claims alleged in Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Prior Express Consent, Permission or Invitation)

Plaintiff's claims, and the claims of the putative class, are barred to the extent that plaintiff or the putative class provided Defendant with consent, permission or invitation within the meaning of the TCPA.

## SECOND AFFIRMATIVE DEFENSE
### (Due Process)

Plaintiff's claims, and the claims of the putative class, are barred to the extent that they violate Defendant's Due Process rights under the United States Constitution. Statutory penalties violate Due Process rights "where the penalty prescribed is so severe and oppressive as to by wholly disproportioned to the office and obviously unreasonable." *St. Louis, I.M. & S. Ry. Co. v.*

*Williams,* 251 U.S. 63, 66-67 (1919). *See also Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1121 (9th Cir. 2022) (holding that aggregated statutory damages awards in certain circumstances are subject to due process limitations). The alleged violation at issue causes *de minimis* or no actual harm. Imposition of a $500.00 per call penalty, or a discretionary $1,500 per call penalty, is so severe and oppressive as to by wholly disproportional to the alleged offense and is obviously unreasonable.

### THIRD AFFIRMATIVE DEFENSE
**(Failure to state a claim)**

Plaintiff's claims, and the claims of the putative class, are barred in whole or in part to the extent Plaintiff or any class member cannot state a claim for relief under the TCPA.

### FOURTH AFFIRMATIVE DEFENSE
**(Eighth Amendment)**

Plaintiff's claims, and the claims of the putative class, are barred to the extent that they violate the excessive fines clause of the Eighth Amendment of the United States Constitution. The aggregated statutory damages, if any, are so disproportional to the alleged violation at issue, so as to be unconstitutionally excessive. *See U.S. v. Bajakajian*, 524 U.S. 321, 334 (1998); *Hudson v. U.S.*, 522 U.S. 93, 103 (1997) (recognizing that Eighth Amendment protections apply to excessive civil fines)

### FIFTH AFFIRMATIVE DEFENSE
**(Lack of Standing)**

Plaintiff's claims, and the claims of the putative class, are barred to the extent that Plaintiff has not suffered a concrete and particularized injury-in-fact as required by Article III of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE
### (TEXT MESSAGES ARE NOT ENCOMPASSED BY THE TCPA)

Plaintiff's claims, and the claims of the putative class, are barred to the extent that they allege receipt of text messages constitute a recoverable violation of the TCPA. The private right of action under the TCPA, 47 U.S.C. § 227(c)(5), specifies "telephone calls" which is a separate and distinct form of communication from text messages. The omission of "text message" from the language of 47 U.S.C. § 227(c)(5) confirms that the provision only applies to telephone calls.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Cause)

Plaintiff's claims, and the claims of the putative class, are barred in whole or part by intervening or superseding causes or the independent actions or omissions of others over whom Defendant had no authority or control.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Willfulness)

Defendant has acted in good faith to comply with the law and has not willfully or knowingly violated any provision, subsection, or regulation under the TCPA and therefore cannot be liable for treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

## TENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiff's claims, and the claims of the putative class, are barred, in whole or in part, by Defendant's good faith, and the absence of negligence, intentional or reckless conduct. To the extent that the TCPA applies to Defendant's conduct—which Defendant denies—Defendant is not

liable because it relied on good faith upon its contracts and a reasonable interpretation of the TCPA's statutory language.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Text as a Result of Error)**

Plaintiff's claims, and the claims of the putative class, are barred, in whole or in part, due to the occurrence of an error and Defendant's and/or its vendor's policies and procedures to effectively prevent telephone solicitations in violation of the TCPA that are a part of its routine business practices.

### TWELFTH AFFIRMATIVE DEFENSE
**(Contributory Fault)**

Plaintiff's claims, and the claims of the putative class, are barred, in whole or in part, because third party acts—and not those of Defendant—caused or contributed to Plaintiff's and the putative class members' alleged injury.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(No Injury)**

Plaintiff's claims, and the claims of the putative class, are barred, because Plaintiff and the putative class members did not suffer any injury as a result of the alleged actions by Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Waiver)**

Plaintiff's claims are barred in whole or in part because by his own conduct, Plaintiff waived any right to recover any relief under the TCPA.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

Plaintiff's claims are barred in whole or in part because all or some portion of Plaintiff's alleged injuries were cause or are attributable to Plaintiff's failure to take reasonable action to mitigate those damages or injuries, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Acts or Omissions of Plaintiff)

Plaintiff's claims, and the claims of the putative class, are barred in whole or in part to the extent the damages, if any, resulted from the acts and/or omission of Plaintiff or any person on whose behalf relief is sought.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Claims Not Representative of Class)

Defendant alleges that the claims of Plaintiff are not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Claims Not Typical of the Class)

Defendant alleges that the claims and interests of Plaintiff, and Defendant's defense thereto, are not typical of the putative claims or related defenses of the putative class as a whole, and Plaintiff is not suitable class representatives. Therefore, Plaintiff cannot satisfy the prerequisites for a class action set forth in Federal Rule of Civil Procedure 23.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Unsuitable for Class Treatment)

This case may not be maintained as a class action because Plaintiff has not and cannot establish the existence of each of the requirements under Federal Rule of Civil Procedure 23 and other relevant legal authority. If the Court certifies a class action in this case over Defendant's objection, then Defendant asserts the affirmative defenses set forth herein against each and every member of the class(es).

## RESERVATION OF DEFENSES

Defendant reserves the right to revise the above affirmative defenses or add additional defenses that become known during investigation and discovery.

Dated this 19th day of November, 2025.    Respectfully submitted,

SEYFARTH SHAW LLP


*s/ Andrew R. Escobar*
Andrew R. Escobar, OSB No. 106671
999 Third Avenue, Suite 4700
Seattle, WA 98104
Phone: (206) 946-4910
Email: aescobar@seyfarth.com

Kristine R. Argentine *(pro hac vice forthcoming)*
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
Phone: (312) 460-5000
Email: kargentine@seyfarth.com

*Attorneys for Defendant AMP FIT, INC.,*

DEFENDANT ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT